No. 43,663

City of Westwood, *Appellant,* v. O. L. Holland, d/b/a Johnson County Bonding Company, *Appellee.*

(394 P. 2d 56)

Opinion filed July 14, 1964.

*Kenith R. Howard, Jr.,* of Mission, argued the cause, and *Earle D. Jones,* of Mission, was with him on the briefs for the appellant.

*W. C. Jones,* of Olathe, argued the cause, and *Howard E. Payne,* and *H. Thomas Payne,* both of Olathe, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: This is an appeal from an order of the district court quashing a criminal proceeding, filed in a police court against a surety, to collect on a recognizance bond.

Due to the limited nature of the issue involved the facts may be highly summarized.

O. L. Holland signed as surety on the recognizance of one Lawrence Cox in the case of the City of Westwood v. Lawrence Cox in the police court of Westwood, Kansas, a city of the third class. Cox who was charged with a traffic violation, did not appear at the appointed time for trial and the police judge declared a forfeiture on the bond and recognizance. Subsequently demand was made upon Holland for payment on the bond which was refused. Thereafter a complaint was filed by the mayor of the city in the police court of Westwood against Holland for unlawfully refusing to pay a debt of $198.00 owed to the city under the bond by virtue of the failure of Cox to appear in police court.

A summons and a warrant were issued on the complaint and Holland was placed under arrest. He gave an appearance bond and was released from custody. On the day the complaint was set for trial Holland appeared with his attorney and filed a motion

to quash or strike the proceedings. This motion was overruled by the police judge.

Thereupon Holland was asked to enter a plea to the charge set forth in the complaint. He elected to stand mute and a plea of not guilty was entered by the court. The case then proceeded to trial. The original recognizance bond and testimony of the chief of police was received in evidence.

The record in the police court reads in part:

"Thereupon, the judgment of the court was rendered, the defendant was found to be indebted to the City of Westwood, Kansas, in the amount of $198 and was ordered to pay said sum to the City. In addition, the defendant was charged and ordered to pay court costs of $1."

An appeal bond was set at $400 and Holland was released from custody.

Holland then perfected an appeal to the district court which entered an order quashing the proceeding. Pertinent portions of that order read:

"That the defendant's motion to strike or quash the proceedings should be sustained for the reason that the same is an attempt to enforce civil liability by use of criminal procedure, and that the Police Court of the City of Westwood, Kansas, is without jurisdiction to render the judgment on file herein. . . ."

The City of Westwood appealed from the foregoing order of the district court and in doing so has attempted to reserve several questions for review, only one of which is properly reviewable in this court under the procedure taken in the police court. That question may be simply stated, Is the collection of a forfeiture recognizance only civil in nature?

If the question just stated is answered in the affirmative, which we are convinced it must be, the entire action before the police judge to collect on the forfeiture by criminal procedure is void and there is nothing further for review.

A proceeding to forfeit bail, although it originates with a criminal action, is civil in nature as it does not involve the guilt or innocence or the conviction or acquittal of any person. Bail has nothing to do with the trial or punishment of the accused. Nor does the fact that a defendant accused of a crime has jumped bail make a criminal of the surety on his recognizance bond. The general rule is stated in 6 Am. Jur., Bail and Recognizance, § 210, p. 152, as follows:

"It is well settled that an action by the state or Federal government on a criminal bail bond is civil, and not criminal, in its nature. The action does

not involve the guilt or innocence, conviction or acquittal, or any person; though it may be a proceeding arising in a criminal case, it is in no sense a continuation of the criminal proceedings in which the bail bond was given. Hence, the procedural rules governing civil actions generally, and appeals or writs of error, prevail in actions on bail bonds or recognizance."

Kansas has adhered to the general rule that a bail bond is an obligation or debt of record. See, e. g., *The State v. Estabrook,* 29 Kan. 739, 743; *Gay v. State,* 7 Kan. (2d ed.) 394, 402. See, also, *State v. Weatherwax,* 12 Kan. (2d ed.) 463, where it is said:

". . . A recognizance, however, is more than a contract. It is an *obligation of record,* founded upon acknowledgement of an existing indebtedness by the person to be bound. 2 Bl. Comm. 341, 465. But still, so far as this case is concerned, we think it is governed substantially by the rule governing other contracts. . . ." (p. 465.)

The Constitution of Kansas, Bill of Rights, § 16, provides: "No person shall be imprisoned for debt, except in cases of fraud."

This constitutional provision does not permit the arrest and imprisonment of a surety on a recognizance bond as a means of collecting the debt arising from a forfeiture.

Long ago the legislature of this state recognized the civil nature of proceedings to forefeit bail when it provided that actions against the bail upon a recognizance should be governed by the rules of civil pleadings so far as applicable. (See G. S. 1949, 62-1225.)

The appellant contends that it has authority to proceed in a criminal action against the appellee surety by virtue of G. S. 1949, 15-508, which provides:

"In case of the breach of any recognizance entered into as aforesaid [G. S. 1949, 15-507, supplemented by G. S. 1961 Supp. 15-507], the same shall be deemed forfeited, and the mayor shall cause the same to be prosecuted against the principal and surety, or the surety alone. Such action shall be in the name of the city as plaintiff, and may be prosecuted before the police judge; and all moneys recovered in any such action shall be paid over to the city treasurer to the credit of the general fund of the city. Judgments rendered under this section may be appealed from the district court in like manner and within the same time as appeals from the justices are allowed in civil actions."

The appellant appears to construe the phrase "may be prosecuted before the police judge," appearing in 15-508, *supra,* as meaning a criminal prosecution. The word "prosecute" applies to either a civil or a criminal action. The word is defined in 73 C. J. S., Prosecute, p. 221, as follows:

"The word 'prosecute' has a technical legal meaning, and not only in its ordinary definitive sense, but by the interpretation of many courts, includes

the commencement or institution of suits. In this sense it is defined as meaning to bring suit against, in a court, for the redress of wrong or punishment of a crime; to proceed against judicially; to begin and carry on a legal proceeding. . . ."

We construe the word "prosecute" as used in the statute (15-508, *supra*) to mean prosecute by a civil action and not by arrest and imprisonment. Any other construction would place such statute in violation of section 16 of our Bill of Rights.

In conclusion, we point out, it must be understood that we are not passing on the power of the legislature to extend the jurisdiction of inferior courts to entertain proceedings to collect from sureties on forfeited recognizance bonds. All we here conclude is that the debt existing because of a forefeited recognizance bond cannot be collected in a criminal proceeding by arrest and imprisonment.

The judgment is affirmed.