(604 P.2d 743)

No. 51,325

STATE OF KANSAS, *Appellee,* v. WILLIAM D. BUCKLE AND ALTA BUCKLE, *Appellants.*

Opinion filed December 28, 1979.

*Charles F. Forsyth,* of Erie, for the appellant.

*Glenn E. Casebeer, II,* assistant county attorney, *Robert T. Stephan,* attorney general,.and *Paul D. Oakleaf,* county attorney, for the appellee.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

FOTH, C.J.: This is an appeal by the surety on an appearance bond from a judgment of default for the $20,000 face amount of the bond.

The defendant in the criminal case was William D. Buckle, who was charged with arson in the district court of Montgomery County in December, 1978. He made the $20,000 bond on January 8, 1979, with his mother Alta Buckle, the appellant here, as surety. He appeared for his preliminary hearing, was bound over, appeared at his arraignment, and pleaded not guilty. His trial was ultimately set by agreement for April 23, 1979. When the case was called for trial the defendant failed to appear. The court ordered a warrant issued for his arrest and the bond forfeited.

After one false start this proceeding was instituted on June 7, 1979, by filing with the clerk of the district court a motion for judgment of default. The clerk mailed copies of the motion and notice of hearing to both William and Alta Buckle at her home. The hearing, originally scheduled for June 20, was continued to June 28, 1979, because of the illness of William's attorney, Charles F. Forsyth.

At the hearing appellant Alta Buckle appeared in person without counsel. Mr. Forsyth also appeared, on behalf of William. The State made a statement reciting the history of the case, asked the court to take judicial notice of the file, and requested default judgment. Mr. Forsyth, on behalf of the defendant, called Alta Buckle as a witness. She testified that a deputy sheriff had told her of a report that William had drowned before the original trial setting. The sheriff's office later told her that the drowning had been faked and that her son had made his way to Canada. She had also heard testimony about the fake drowning given during preliminary hearings of persons charged with assisting him in his flight. She, however, had not heard from him since before the supposed drowning and did not know whether he was dead or alive.

At the conclusion of the hearing the court sustained the State's motion and entered judgment against both William and Alta Buckle. She appeals, contending first that the judgment should not have been rendered in the absence of proof that her son was

alive at the time of the trial setting and bond forfeiture, and second that she received inadequate notice that judgment would be sought against her in this proceeding. We find no merit in the first contention, but agree with the second.

Under the present code of criminal procedure bond forfeitures are governed by K.S.A. 1979 Supp. 22-2807. Its terms were aptly summarized in *State v. Midland Insurance Co.,* 208 Kan. 886, 888, 494 P.2d 1228 (1972):

"Paragraph (1) of this statute recites that if there is a breach of condition of an appearance bond the court in which the bond is deposited shall declare a forfeiture of the bail. Paragraph (2) provides that the court may direct that a forfeiture be set aside upon such conditions as it may impose, if it appears justice does not require enforcement of the forfeiture. Paragraph (3) provides, so far as material to this case, that where a forfeiture has not been set aside the court shall, on motion, enter judgment of default and execution may issue thereon; that by entering into the bond the obligors submit to the jurisdiction of any court having jurisdiction to enter default judgment and irrevocably appoint the clerk of that court as their agent upon whom papers affecting their liability may be served; that liability may be enforced on motion without the necessity of an independent action; that the motion and notice thereof may be served on the clerk of the court who shall forthwith mail copies to the obligors at their last known addresses; and that no default judgment shall be entered against the obligor until more than 10 days after notice is served as provided in this section. Subparagraph (4) provides that after entry of judgment the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2) of this section."

In that case the surety produced the defendant between the time the State's motion for judgment was filed and the date it was heard, and filed a motion to set aside the forfeiture. The two motions were heard together: the surety's motion to set aside the forfeiture was denied, the State's motion for judgment was sustained. On appeal the judgment was reversed as an abuse of judicial discretion.

From *Midland* we learn: (a) Under K.S.A. 1979 Supp. 22-2807, a motion to set aside an appearance bond forfeiture before judgment and a motion to remit all or part of a judgment on the bond after it is rendered are both addressed to the sound discretion of the trial court. (b) One function of the statutory ten day period between the filing of a motion for judgment on a forfeited appearance bond and the rendition of judgment is to allow the obligors, and particularly the surety, to move to set aside the forfeiture.

From the statutory plan as recognized in *Midland* and from the

language of the statute itself it also appears: (c) Forfeiture of an appearance bond for breach of condition and the rendition of judgment on a bond where the forfeiture has not been set aside are both mandatory. (Subsections [1] and [3] both use the word "shall"; subsections [2] and [4] both use "may.") (d) A bond forfeiture may be set aside on motion, but the moving party has the burden of establishing that justice does not require the enforcement of the forfeiture.

Common grounds for setting aside a bond forfeiture are the production of the defendant through the surety's efforts (*Midland*), or a showing made by the surety that production is impossible because the defendant died before the forfeiture (*State v. Stanley,* 104 Kan. 475, 179 Pac. 361 [1919]) or is imprisoned elsewhere (*State v. Emerson,* 135 Kan. 563, 11 P.2d 702 [1932]).

Here we deal not with setting aside a forfeiture, but what is required to secure judgment for the State after forfeiture has been declared. The statute requires only a showing that there has been a forfeiture and that it has not been set aside. The State showed this by reference to the file. It thus established a prima facie case for judgment. At that point, if there was some valid reason why judgment should not be rendered it was incumbent on the obligors on the bond to produce it. Normally this would be done by a motion to set aside the forfeiture, as in *Midland,* supported by evidence.

The question is one of the burden of proof. If the claim is one of impossibility to perform, as by the death of the defendant, the burden is on the one claiming the impossibility. In this case, assuming there had been a motion to set aside the forfeiture, there was no evidence that William Buckle was dead except rank third-hand hearsay, and even that had been repudiated. We conclude that, had the motion for judgment been in proper form, the mere suggestion of the supposed death would not have prevented the rendering of a valid judgment against the appellant. See cases collected in 63 A.L.R.2d 830, 833-35 (1959).

The motion and the notice imparted, however, present a more serious problem. Captioned in the district court, the motion reads:

"THE STATE OF KANSAS,            Plaintiff,
             vs.                       No. 78 CR-169 C
WILLIAM DUANE BUCKLE,       Defendant.

## MOTION FOR JUDGMENT OF DEFAULT

COMES NOW the State of Kansas, appearing through Glenn E. Casebeer, Assistant County Attorney of Montgomery County, Kansas, and respectfully moves the Court for an order of judgment of default against the above named defendant.

IN SUPPORT WHEREOF, plaintiff shows to the Court:

1. That on the 23rd day of April, 1979, the District Court of Montgomery County, Kansas ordered the forfeiture of the above named defendant's bond for failure to appear.
2. That pursuant to KSA 22-2807, 1976 Supp., the State may by motion request judgment by default commence with execution upon that judgment.
3. That the defendant William Duane Buckle, as principal, and his mother, Alta Buckle as surety, jointly executed a property bond in the principal sum of $20,000; and, further, that the defendant and his surety are in default for violations of the conditions of that bond.

WHEREFORE, plaintiff prays that its motion be sustained and for such other and further relief as the Court may deem just and equitable."

It will be observed that the operative first paragraph of the motion asked for a judgment against "the above named defendant." The above named defendant was William Buckle, not Alta Buckle. The prayer was simply that the motion be sustained. There is nothing in the motion to indicate that a judgment was sought against Alta. Although the third supporting paragraph alleges that she was a surety and that both "the defendant and his surety" were in default, it appears to us that even a lawyer might conclude that judgment was sought only against the named defendant.

The notice of hearing added nothing to the motion. It was addressed to the clerk (as statutory agent under 22-2807[3]) and merely gave the time of hearing for "the above and foregoing motion." The clerk's transmittal letter stated only that the motion was enclosed. Hence the documents mailed to appellant wholly failed to apprise her that the result of the hearing might be a $20,000 judgment against her.

She appeared at the hearing unrepresented.[1] Inasmuch as there had been nothing to indicate that her personal interests would be at stake at the hearing we cannot fault her for not retaining personal counsel. At the hearing itself counsel for the State advised the court that "[w]hat we're asking is that they be held jointly and severally liable on the bond in the amount of

[1]. We are asked to surmise that she was advised by Mr. Forsyth, but to do so would be pure speculation. His role throughout was clearly delineated in the record as counsel for William, not Alta. Only after judgment did he undertake to represent her in this appeal.

$20,000.00." To a lawyer the meaning of that statement would have been clear; what, if anything, it meant to Mrs. Buckle we have no way of knowing. It is true she did not ask for a continuance, nor did she say anything in her own behalf; the testimony described above about the supposed drowning was elicited by counsel for William. However, counsel's statement about joint and several liability was the only one made at the hearing which might have alerted her to the fact that judgment was about to be pronounced against her. Applying the usual definition of waiver—the intentional relinquishment of a known right—we cannot find that appellant by her silence waived notice that the hearing would be on a judgment against her.

It is elementary that notice and an opportunity to be heard are essential to any judgment affecting personal or property rights. Forfeitures, in particular, are not favored by the law and require strict compliance with the applicable statutes. *Cf. Greenwood v. Estes, Savings & Loan Commissioner,* 210 Kan. 655, 657, 504 P.2d 206 (1972). A notice such as was given here, which does not fairly apprise a party of the action proposed to be taken, is no notice at all. Under these circumstances we do not inquire as to prejudice or whether there is in fact a meritorious defense.

There is, of course, nothing to prevent the State from filing a new motion for judgment and giving a new notice in which the present deficiency does not appear. If that is done, judgment can be obtained after only ten days. If appellant has a defense, she can raise it by motion to set the forfeiture aside and will have the burden of establishing it.

Reversed.