(173 P.3d 1179)
No. 97,588

STATE OF KANSAS, *Appellant*, v. PATRICK JONES, *Appellee*.

Opinion filed January 11, 2008.

*Ellen Mitchell*, county attorney, and *Paul J. Morrison*, attorney general, for appellant.

*Lydia Krebs*, of Kansas Appellate Defender Office, for appellee.

Before MARQUARDT, P.J., and LEBEN, J., and KNUDSON, S.J.

KNUDSON, J.: The State charged Patrick Jones with one felony count of aggravated failure to appear, in violation of K.S.A. 21-3814. The district court dismissed the case at preliminary hearing after finding an appearance bond is not forfeited until payment is

made by the surety. The district court erred, and the charge against Jones must be reinstated.

## Underlying Circumstances

On February 1, 2006, Patrick Jones was charged in case 06 CR 107 with one count of felony possession of methamphetamine and several misdemeanors. Jones was released on bond. On February 22, 2006, Jones was charged in case 06 CR 197 with one count of felony possession of methamphetamine and several misdemeanors. He was again released on bond. In both cases, Jones was required, as a condition of his bond, to appear at all court proceedings.

On February 27, 2006, Jones failed to appear for a proceeding in case 06 CR 197. The district court ordered Jones' bond "revoked" and issued a bench warrant for his arrest. Jones appeared before the court on March 27, 2006, and explained that he had failed to appear because he had been jailed in Kearny County. The district court reset the bond.

Eventually, both of Jones' cases were set for arraignment on June 26, 2006. He again failed to appear. The State requested a warrant, noting that Jones had previously failed to appear. The district court issued a bench warrant and stated that "[b]ond would be ordered revoked." The warrant stated that the "[c]ourt declare[d] a bond forfeiture."

Jones did appear on August 21, 2006, after being picked up on warrants. After Jones' attorney stated a plea agreement had been discussed with the State, the district court continued the case and reinstated the bonds in both of Jones' cases. The State did not object to the reinstatement of the bonds. It is apparent to us that the reinstatement and the State's acquiesce contributed to the district court's concern that Jones should not have been subsequently charged with aggravated failure to appear.

On September 11, 2006, the district court held a hearing for both of Jones' cases. The State presented a new complaint charging Jones with aggravated failure to appear, based on his failure to appear on June 26, 2006. The district court noted its confusion and disagreement with the charge of aggravated failure to appear but agreed to schedule a preliminary hearing.

On September 29, 2006, the district court accepted Jones' guilty pleas in cases 06 CR 107 and 06 CR 197. The State then presented evidence at the preliminary hearing on the charge of aggravated failure to appear, case 06 CR 1041. The State requested that the court take judicial notice of cases 06 CR 107 and 06 CR 197. The district court reiterated its position that there was no forfeiture of the bond. The State responded that the forfeiture occurred on June 26, 2006, when the defendant failed to appear and the district court forfeited the bond and ordered a warrant.

The district judge then stated, "I revoked the bond. I know that your orders say forfeited the bond, but we revoked the bond because the bond is not forfeited until there's a payment in by the surety." The court found that the bond was revoked, not forfeited, and discharged Jones on the charge of aggravated failure to appear.

*Discussion*

On appeal, the State argues that the plain reading of K.S.A. 21-3814 does not require payment by the surety before a defendant can be charged with aggravated failure to appear. The State also argues that the district court's action of "revoking" the bond was under the facts of this case a forfeiture of the bond. The State notes that the bench warrant issued by the district court specifically stated a forfeiture had been declared.

Jones contends that the district court merely revoked Jones' bond and that recent amendments to K.S.A. 2006 Supp. 22-2807 indicate that the Kansas Legislature distinguishes between the revocation of a bond and the forfeiture of a bond. He further contends that the district court's finding that a bond is not forfeited until the surety makes payment is consistent with the Kansas Legislature's use of the term "forfeiture."

The interpretation of a statute is a question of law over which this court has unlimited review. An appellate court is not bound by the district court's interpretation. *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006). It is fundamental that the legislature's intent be ascertained. "The legislature is presumed to have expressed its intent through the language of the statutory scheme. Ordinary words are given their ordinary meanings. A statute should

not be read to add language that is not found in it or to exclude language that is found in it." 281 Kan. at 159. The court must give effect to the legislature's intent expressed in the statute when there is no ambiguity and the meaning is plain. 281 Kan. at 159 (citing *State v. McCurry*, 279 Kan. 118, 121, 105 P.3d 1247 [2005]).

K.S.A. 21-3814 provides: "Aggravated failure to appear is willfully incurring a forfeiture of an appearance bond and failing to surrender oneself within 30 days following the date of such forfeiture by one who is charged with a felony and has been released on bond for appearance before any court of this state."

As interpreted by the district court, a forfeiture of an appearance bond, a statutory element of K.S.A. 21-3814, does not occur "until there's a payment in by the surety." The district court's interpretation is not tenable.

Forfeiture of appearance bonds is governed by K.S.A. 2006 Supp. 22-2807, which provides in part: "(1) If there is a breach of a condition of an appearance bond, the court in which the bond is deposited *shall declare a forfeiture of the bail.*" (Emphasis added). See *State v. Marble*, 21 Kan. App. 2d 509, 517, 901 P.2d 521, *rev. denied* 258 Kan. 861 (1995) (forfeiture of an appearance bond requires only the breach of some condition of the bond); *State v. Buckle*, 4 Kan. App. 2d 250, 253, 604 P.2d 743 (1979) (noting the use of the word "shall" in 22-2807[1]).

Under K.S.A. 2006 Supp. 22-2807(1), the district court has no discretion as to whether a forfeiture of bail should be ordered. It is apparent the district court must have understood its order of June 26, 2006, was a forfeiture of bond because the resulting bench warrant so provided. Here, the district judge's use of the word "revoked" does not alter the fact that a forfeiture did occur on June 26, 2006. We hold the district court's mistaken use of the word "revocation" rather than "forfeiture" in its pronouncement from the bench does not alter the legal nature of the judicial act and the record establishes the necessary threshold predicate for an aggravated failure to appear prosecution.

This interpretation is further supported by recent amendments to K.S.A. 2006 Supp. 22-2807. On April 18, 2007, the Kansas Legislature approved changes to K.S.A. 2006 Supp. 22-2807:

"(1) If ~~there is a breach of condition of~~ *a defendant fails to appear as directed by the court and guaranteed by* an appearance bond, the court in which the bond is deposited shall declare a forfeiture of the bail.

"(2) *An appearance bond may only be forfeited by the court upon a failure to appear. If a defendant violates any other condition of bond, the bond may be revoked and the defendant remanded to custody. The magistrate shall forthwith set a new bond pursuant to requirements of K.S.A. 22-2802, and amendments thereto."* L. 2007, ch. 145, sec. 5.

Prior to the 2007 amendments, the breach of any condition of an appearance bond, including failure to appear, required the district court to declare a forfeiture of the bond. The new language indicates that a district court now has discretion to revoke a defendant's bond if the defendant breaches any condition of the bond other than by failure to appear. The defendant's failure to appear still requires forfeiture of the appearance bond. Under the plain language of K.S.A. 2006 Supp. 22-2807(1), even as amended, the district court had no discretion to "revoke" Jones' bond and the "revocation" is construed to be a forfeiture of the bond.

The decision of the district court is reversed, the charge of aggravated failure to appear is reinstated, and the case is remanded for further proceedings.

Reversed and remanded with directions.