NOT DESIGNATED FOR PUBLICATION

No. 118,075

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAFAEL M. MIRANDA,
*Defendant*,
(JOHN ROBERTS D/B/A JOHN ROBERTS
BAIL BONDS),
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed October 26, 2018. Affirmed.

*Jess W. Hoeme*, of Joseph, Hollander & Craft LLC, of Wichita, for appellant.

*Thomas J. Weilert*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and HILL, JJ.

PER CURIAM: This is an appeal by a bail bond surety of an order forfeiting a bail bond posted by Rafael M. Miranda. John Roberts, dba John Roberts Bail Bonds, contends that he was denied due process because the court did not allow him to claim it was impossible for him to produce Miranda in court because he was being deported to Mexico. Upon review, we reject the State's argument that we have no jurisdiction over this issue because the law permits the State to pursue a bail bond forfeiture in the criminal

1

case, as well as a possible separate civil action. Because the bail bond forfeiture procedure set out in K.S.A. 2017 Supp. 22-2807 is straightforward and must be followed, we hold there are two ways to raise any equitable arguments about such a forfeiture. The first is in a motion to set aside the forfeiture order under K.S.A. 2017 Supp. 22-2807(3) or, second, in a motion to remit the judgment under K.S.A. 2017 Supp. 22-2807(5). Since Roberts chose not to file either motion, we affirm the ruling of the district court.

*The facts are undisputed.*

The State charged Miranda with aggravated indecent liberties with a child and two counts of indecent liberties with a child. The court set Miranda's bail at $100,000. Miranda secured a bail bond through John Roberts Bail Bonds. Roberts guaranteed Miranda's appearance in court.

Miranda failed to appear at a court date in June 2016 because he had been deported. The court issued an alias warrant for his arrest and ordered his bail bond forfeited. Immigrations and Customs Enforcement had arrested Miranda in April 2016 and deported him from the United States. The district attorney learned that Miranda had been deported on June 9, 2016—before Miranda's failure to appear in court.

The State moved for a judgment on the forfeited bail bond. Roberts did not oppose this motion, but instead issued subpoenas to Sedgwick County Assistant District Attorney Monika Hoyt and Sedgwick County Police Officer Kevin Brown. The State moved to quash the subpoenas. Roberts proffered to the court that members of the police department had become angry at the fact Miranda had been released on bond and, knowing Miranda's immigration status, informed ICE of his location to secure his arrest. Roberts argued that enforcement of the surety agreement was impossible because bringing Miranda back to the United States was impossible.

2

The district court first considered the State's motion for judgment on the forfeiture and held that the State was entitled to judgment under K.S.A. 2017 Supp. 22-2807. The judge ruled that the issues raised by Roberts may be relevant in an action for remittance, but were not relevant to whether judgment should be granted. Because judgment was appropriate, the district court determined the motions to quash and the underlying subpoenas were moot.

*We have jurisdiction to hear this appeal.*

The parties are taking opposing positions on this issue. The State has consistently argued that we have no jurisdiction to hear this appeal. First, it moved to dismiss this appeal which was denied by the motions panel that requested the parties to brief the issue and argue their positions in the appeal itself. Basically, the State argues that we lack jurisdiction because there is no final judgment in the criminal case. Roberts, on the other hand, contends that the rules of civil procedure should apply in this appeal because it involves a bail bond forfeiture. Neither party is correct.

A bail bond forfeiture can be a proceeding in a criminal case. If the State elects to move under K.S.A. 2017 Supp. 22-2807 for judgment of forfeiture of bail in a criminal case, the statute permits the court to proceed on the motion. And a bail forfeiture can occur as a civil proceeding. Simply put, the State may either bring the action through the criminal case or begin a separate civil action to collect on the forfeited bail.

The statute, K.S.A. 2017 Supp. 22-2807(4), specifically provides that a surety's "liability may be enforced on motion without the necessity of an independent action." While the liability may be enforced on a motion within the criminal case, there is nothing within the statute requiring the liability to be enforced within the criminal case, rather than a separate civil action.

3

This election by the State determines under which code of procedure we should proceed. When the State chooses to move within the criminal case, we follow the code of criminal procedure. That code sets out the procedure the court must use to proceed on a motion for judgment against a forfeited bail within a criminal case. See K.S.A. 2017 Supp. 22-2807.

On the other hand, if the State elects to bring a separate civil action to obtain a judgment on the forfeited bail bond, then the code of civil procedure controls that action. Roberts relies on *City of Westwood v. Holland*, 193 Kan. 375, 394 P.2d 56 (1964), to support his contention that collection of a forfeited bail is only a civil action. That case was decided in 1964, well before enactment of K.S.A. 22-2807 in 1970. The law now enables the State to recover on a forfeited bail bond through a motion within the criminal case. See L. 1970, ch. 129, § 22-2807.

The question boils down to whether this is a final judgment that we can legally review. The State suggests that it is not. A quick review of some fundamental rules about appeals is helpful here.

The right to appeal in Kansas is purely statutory. We cannot confer jurisdiction to a case if the Legislature has not granted the prospective appellant the right to appeal the matter. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). K.S.A. 2017 Supp. 22-3602(a) provides:

> "[A]n appeal to the appellate court having jurisdiction of the appeal may be taken *by the defendant* as a matter of right from *any judgment against the defendant* in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed." (Emphases added.)

4

The judgment from which the defendant is appealing must be a final judgment concerning that defendant. K.S.A. 2017 Supp. 22-3601.

When the district court considers a motion for judgment of default under K.S.A. 2017 Supp. 22-2807, a surety, such as Roberts, becomes a defendant for the purpose of that motion and the statute governing appellate rights. After all, it was the defendant, Miranda, that gave the court his promise to appear and then, in his place, Roberts promised to produce him in court or pay on his bail bond. In order for a default judgment to be entered against the surety, the surety becomes a defendant for the purpose of that motion.

If Roberts, as the surety, cannot defend against the motion, then judgment has not been properly entered against it. We hold that at least for the purpose of appellate jurisdiction, a bail bond surety, such as Roberts, has a statutory right to appeal because he became a defendant on the motion for judgment by the State's election to pursue that remedy instead of beginning a separate civil action.

A judgment must be final before an appeal may be taken. The State argues this is not a final judgment because the criminal defendant, in this case, Miranda, has not been convicted and sentenced. Generally in criminal cases, judgment is not effective and final until sentencing has been complete. E.g., *State v. Hall*, 298 Kan. 978, 985-86, 319 P.3d 506 (2014). The State ignores the reasoning why a judgment against a criminal defendant is not final until sentencing has been completed. In *Roberts v. State*, 197 Kan. 687, 689, 421 P.2d 48 (1966), our Supreme Court found that "sentence" was synonymous with "judgment." Essentially, there is not a final judgment against a criminal defendant in a criminal case until sentencing has been completed.

Here, the judgment against Roberts is not synonymous with sentencing. There is no need for a determination of Roberts' guilt or innocence, and as *Holland* highlights,

5

arresting and imprisoning a surety would violate the Kansas Constitution. See 193 Kan. at 377-78. In a general sense, a final judgment is a final determination of the rights of the respective parties. Black's Law Dictionary 971 (10th ed. 2014); see also K.S.A. 2017 Supp. 60-254 (defining judgment under the code of civil procedure as "a final determination of the parties' rights in an action.") In the case of the criminal defendant, sentencing is the final determination of the parties' rights. *Hall*, 298 Kan. at 985-86. Here, the judgment of default is the final determination of Roberts' and the State's rights. For the purpose of appeal, there is a final judgment and there is no need to await Miranda's sentence before Roberts may appeal the judgment of default against him.

Another panel of this court has held that it had jurisdiction to hear the appeal of a bail bond surety in the criminal case. In a ruling rejecting arguments like what the State argues here, the panel in *State v. Reyes*, No. 118,054, 2018 WL 3672949, at *2 (Kan. App. 2018) (unpublished opinion), *petition for rev. filed* September 4, 2018, held the forfeiture of a bail bond was a final order appealable by the surety. We agree.

Finally, we are not persuaded by the State's argument that the judgment is not final because Roberts has not sought remittance through a separate action. This fails for two reasons. First, remittance would not require a separate action. Roberts could obtain remittance relief through a motion within the criminal case under K.S.A. 2017 Supp. 22-2807(5). Second, the availability of remittance does not make the judgment of default less than final. We view this to be comparable to a motion to correct an illegal sentence. The existence of a remedy to the judgment does not mean that the judgment itself is not final. If Roberts had moved for remittance, then the district court's decision would not be final until the district court either granted or denied his motion. With no such motion being filed, the judgment of default is a final judgment that is properly the subject of this court's jurisdiction.

*We find no error in the court granting judgment against Roberts.*

Roberts contends that the court denied him due process by granting the State's motion for judgment on the bail forfeiture before hearing evidence on the equity of its enforcement. The argument asks us to interpret K.S.A. 2017 Supp. 22-2807—a question of law over which we have unlimited review.

We question whether Roberts has shown us a due process violation. He must establish that he was denied a specific procedural protection to which he was entitled. See *State v. Robinson*, 281 Kan. 538, 547, 132 P.3d 934 (2006). The essential components of due process are notice and a right to be heard at a meaningful time and in a meaningful manner. *State v. Wilkinson*, 269 Kan. 603, 608, 9 P.3d 1 (2000).

The first component—notice—is not lacking here. Roberts does not challenge that he received notice. He was served with the State's motion for judgment of default on the forfeited bail, which shows that notice of the action was provided.

It is the second component that is lacking according to Roberts. He contends that he was denied an opportunity to be heard at a meaningful time and in a meaningful manner. The heart of his argument is that he should have had the opportunity to present his equitable arguments before the court ordered the bond forfeited and not have to wait to plead his case in a motion to set aside the judgment. Roberts is incorrect.

As in most cases, the statute controls this question. K.S.A. 2017 Supp. 22-2807 provides a specific procedure for the consideration of the State's motion for judgment on the forfeiture of bail. Under subsection 1, the statute provides that when a criminal defendant is released on bond and fails to appear, the district court that accepted the bond shall declare a forfeiture of bail. K.S.A. 2017 Supp. 22-2807(1). Subsection 2 of the statute provides that a forfeiture occurs only if the condition of bond that the defendant

7

violates is a failure to appear and not some other condition. K.S.A. 2017 Supp. 22-2807(2). Miranda was released on bail and failed to appear. Both parties agree that this failure to appear happened after he had been deported. But why he failed to appear is irrelevant at this point. Under the plain language of the statute, the district court must order that the bail is forfeited upon a failure to appear. K.S.A. 2017 Supp. 22-2807(1).

But that need not mean the question is closed. After bail has been declared forfeited, an interested party may request that the court set aside the forfeiture. "The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture." K.S.A. 2017 Supp. 22-2807(3). The language "upon such conditions as the court may impose" gives the district courts the authority to determine the procedure necessary to begin an action to set aside a forfeiture of bail.

It is not clear from this record what conditions the Sedgwick County District Court has enacted. See Sedgwick County District Court Rule 303(F)(2) (providing identical language to K.S.A. 2017 Supp. 22-2807[3]). At the very least, the party seeking to set aside the forfeiture must move the district court to set aside the forfeiture. See *State v. Buckle*, 4 Kan. App. 2d 250, 252-53, 604 P.3d 743 (1979) (analyzing the procedure under a prior, substantially similar version of K.S.A. 22-2807.) The court in *Buckle* remarked "if there was some valid reason why judgment should not be rendered it was incumbent on the obligors on the bond to produce it. Normally this would be done by a motion to set aside the forfeiture." 4 Kan. App. 2d at 253. When we review a district court's decision on whether to set aside a forfeiture under K.S.A. 22-2807(3), we only reverse if the district court abused its discretion. *State v. Sedam*, 34 Kan. App. 2d 624, 626, 122 P.3d 829 (2005).

Furthermore, K.S.A. 22-2807(4) directs how the district court should issue a judgment in cases of forfeiture. This subsection provides:

8

"When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon. . . . By entering into a bond the obligors submit to the jurisdiction of any court having power to enter judgment upon default and irrevocably appoint the clerk of that court as their agent upon whom any papers affecting their liability may be served. Their liability may be enforced on motion without the necessity of an independent action. . . . No judgment may be entered against the obligor in an appearance bond until more than 60 days after notice is served as provided herein. No judgment may be entered against the obligor in an appearance bond more than two years after a defendant's failure to appear." K.S.A. 2017 Supp. 22-2807(4).

From this subsection, we conclude that the State does not need to file a civil action against a surety to obtain a judgment on the surety's liability. This can be accomplished through a motion in the criminal case in which the surety has entered into an agreement with the defendant, but the State is not prevented from beginning a separate civil action. Upon this motion, if the surety has not set aside the forfeiture, the district court must enter a judgment of default. K.S.A. 2017 Supp. 22-2807(4); see *Buckle*, 4 Kan. App. 2d at 253 ("The statute requires only . . . that there has been a forfeiture and that it has not been set aside.").

Finally, subsection 5 of the statute provides that "[a]fter entry of such judgment, the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in subsection (3)." K.S.A. 2017 Supp. 22-2807(5).

The district court did not deny Roberts due process by entering the judgment of default against him. He asks the rhetorical question, "[w]hen is the right time for Surety to present its case?" The Legislature has explicitly answered the question by enacting K.S.A. 22-2807.

Roberts can present his equity argument either before or after the State's hearing on the motion for judgment. Before the hearing on the motion for judgment, he could

9

have moved to set aside the forfeiture and made his argument that "justice does not require the enforcement." K.S.A. 2017 Supp. 22-2807(3); see *Buckle*, 4 Kan. App. 2d at 253. He simply did not make such a motion. Instead, he issued subpoenas to witnesses. Also, Roberts has an opportunity to make his equity argument after the judgment in a motion to remit under K.S.A. 2017 Supp. 22-2807(5).

Roberts has failed to avail himself of the procedures available for him to have his arguments properly before the district court. Because the district court faced a motion for judgment and the forfeiture had not been set aside, the district court had to enter judgment for the State. The State followed the proper process for obtaining a judgment forfeiting bail. The district court did not err by following the procedure mandated by K.S.A. 2017 Supp. 22-2807.

Affirmed.