CORRECTED OPINION

NOT DESIGNATED FOR PUBLICATION

No. 115,680

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DUSTIN J. MERRYFIELD,
*Appellant*,

and

RICHARD A. QUILLEN,
*Plaintiff*,

v.

STATE OF KANSAS;
SAM BROWNBACK, GOVERNOR FOR KANSAS;
DEREK SCHMIDT, ATTORNEY GENERAL FOR KANSAS;
KARI BRUFFETT, SECRETARY FOR KDADS;
MCPHERSON COUNTY COURT, COMMITTING COURT;
and JOHNSON COUNTY COURT, COMMITTING COURT,
*Appellees*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN E. SANDERS, judge. Opinion filed March 10, 2017. Affirmed.

*Dustin J. Merryfield*, appellant pro se.

*Kevin J. Grauberger and David R. Cooper*, of Fisher, Patterson, Sayler & Smith, LLP, of Topeka, for appellees.

Before GARDNER, P.J., POWELL, J., and HEBERT, S.J.

1

*Per Curiam*:  Dustin J. Merryfield, while committed to the sexual predator treatment program, filed a 34-count complaint which named multiple defendants and alleged, among other claims, that various sections of the Kansas Sexually Violent Predator Act (KSVPA) were unconstitutional. Merryfield appeals from the district court's grant of defendants' motions to dismiss. Finding no reversible error, we affirm.

*Factual and procedural background*

Dustin J. Merryfield was committed to the sexual predator treatment program in December 2000. He filed a complaint containing 34 counts, most of which challenged sections of the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 2015 Supp. 59-29a01 *et seq.*, as unconstitutional. Plaintiff's fifteenth cause of action, which alleged due process violations, was brought only against defendants Derek Schmidt and the Johnson County District Court. His sixteenth cause of action, which was specific to plaintiff Richard Quillen, who did not appeal, was brought only against defendants Schmidt and the McPherson County District Court. All other causes of action were brought against all defendants in their official, personal, and individual capacity.

This appeal comes from the district court's granting of two motions to dismiss, one brought by the McPherson County District Court and the Johnson County District Court (the court defendants), and a second brought by the remaining defendants:  the State of Kansas; Sam Brownback, Governor of Kansas; Derek Schmidt, Attorney General of Kansas; and Kari Bruffett, Secretary of Kansas Department for Aging and Disability Services (the State defendants).

Merryfield's pro se complaint was stated to be a "Civil Rights Action Pursuant to K.S.A. Chapter 60." The district court liberally construed the complaint as a 42 U.S.C. § 1983 petition. Merryfield's brief on appeal relies on § 1983 cases and alleges constitutional deprivations. Accordingly, we analyze the petition in that posture. Our

2

ultimate conclusion would not be any different, however, had we analyzed the petition purely under state law.

The district court's order failed to list its conclusions of law as to each count of the complaint. The district court dismissed 14 of Merryfield's claims on the basis of standing, with little discussion, and dismissed the remaining 20 counts in two paragraphs, ending with: "Once again, these issues are either moot, plaintiffs lack standing and/or the provisions are constitutional." This lack of detail burdens the appellate court.

We will not, however, remand for further detail. Because our standard of review is de novo, we would not defer to the district court's conclusions if they had been expressed; thus, we need not actually know what those conclusions were. Our review, like the district court's review at this stage, is based on the written motion and the case file, which we are equally able to review. See *Gant v. State*, No. 112,434, 2015 WL 5312016 (Kan. App. 2015) (unpublished opinion), *rev. denied* 304 Kan. 1017 (2016). Remand would obviously prolong this case, so we decline that option in the interest of judicial economy. See *Harris v. State*, 31 Kan. App. 2d 237, 239-40, 62 P.3d 672 (2003) ("[R]emand is an inefficient remedy for this recurring problem."). Instead, we have reviewed the motion and case file ourselves. Some counts are within the scope of another appeal recently decided. *Merryfield v. Bruffett*, No. 115,488, 2017 WL 543573 (Kan. App. 2017) (unpublished opinion). As to the others, we conclude that Merryfield has not presented any viable claims for relief.

Merryfield raises four issues in this appeal: (1) the responsibility of each party, (2) the determination of a legal issue on a motion to dismiss, (3) the dismissal of the facial challenges, and (4) the dismissal of counts for failure to state a claim upon which relief can be granted.

3

I.      *The district court did not err in dismissing Merryfield's claim against the district courts, the damages claim against the State, and the claims against the state officials on immunity grounds.*

*Standard of Review*

We review de novo whether a government official is protected by absolute immunity from a § 1983 action. *Huffmier v. Hamilton*, 30 Kan. App. 2d 1163, 1165, 57 P.3d 819 (2002) (citing *Scott v. Hern*, 216 F.3d 897, 908 [10th Cir. 2000]).

*Discussion*

A. *Claims against the court defendants*

The court defendants moved to dismiss the action against them pursuant to K.S.A. 2015 Supp. 60-212(b) for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim. The district court granted the court defendants' motion to dismiss because (1) state district courts are subdivisions of the State and have no capacity to sue or be sued, citing *Hopkins v. State*, 237 Kan. 601, 606, 702 P.2d 311 (1985); (2) the court defendants are immune from suit because of common—law judicial immunity, citing *Jarvis v. Drake*, 250 Kan. 645, 648, 830 P.2d 23 (1992); and (3) the court defendants are exempt from damages claims under the Kansas Tort Claims Act. The district court dismissed the claims for injunctive relief on the additional ground that no district court can issue an order against a coequal district court, citing *Smith v. State*, 264 Kan. 348, 354, 955 P.2d 1293 (1998).

The district court was correct in applying the controlling caselaw as to each of these grounds. Nonetheless, we briefly address Merryfield's arguments.

4

Merryfield acknowledges that the State and subordinate governmental entities cannot be sued absent specific statutory provisions, but he argues that the State has consented to suit "under the creation of the Kansas Constitution Bill of Rights § 18." He argues Section 18 guarantees every person a remedy by due course of law for injury done to one's person, reputation, or property; because the McPherson County District Court is the entity that injured him, it has the capacity to be sued.

Merryfield is mistaken in his understanding of Section 18. Section 18 does not create any new rights but merely recognizes long-established systems of laws existing prior to the adoption of the constitution. *Brown v. Wichita State University*, 219 Kan. 2, 10, 547 P.2d 1015 (1976). Judicial immunity is long-established law in Kansas. *Holland v. Lutz*, 194 Kan. 712, 715, 401 P.2d 1015 (1965). Since the right to sue the State for torts was denied at common law, that right is not preserved or protected by Section 18. *Brown*, 219 Kan. at 10. Furthermore, judicial immunity is codified in the Kansas Tort Claims Act at K.S.A. 2015 Supp. 75-6104(b). The district court properly concluded that the court defendants were immune from suit; thus, dismissal of Merryfield's claims for injunctive relief against them was proper.

B. *Claims against the State of Kansas*

The district court ruled that the State is immune from suit under the Eleventh Amendment to the United States Constitution. The Kansas Supreme Court has held that "[t]he State of Kansas has not waived its sovereign immunity from suits seeking monetary damages under 42 U.S.C. § 1983." *Beck v. Kansas Adult Authority*, 241 Kan. 13, 21, 735 P.2d 222 (1987). Accordingly, the district court's dismissal of Merryfield's claims against the State for damages was proper. Dismissal of the claims seeking declaratory relief was proper as well, for reasons discussed in Sections III and IV, below.

5

C. *Claims against the individually named defendants*

The district court dismissed all claims against the individually named defendants in their personal and individual capacities, finding that Merryfield failed to allege actions by the defendants that would show their "personal involvement or participation in the incident." *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). Thus, the district court stated, the "lawsuit must stand or fall entirely on the activities of these defendants acting in their respective official capacities" and ruled that the defendants were entitled to immunity for their acts in their official roles.

As to Governor Brownback, the district court dismissed all claims against him because of absolute legislative immunity, citing *Torres Rivera v. Calderon Serra*, 412 F.3d 205, 213 (1st Cir. 2005). Merryfield does not challenge this on appeal.

As to Secretary Bruffett, Merryfield alleged that because she is the custodian of the sexually violent predators (SVPs) committed under the KSVPA, she had "direct involvement in applying the KSVPA in an unconstitutional manner on Plaintiff." In support, he cites an unpublished opinion, which has no precedential value under Supreme Court Rule 7.04(g) (2017 Kan. S. Ct. R. 45): *Brull v. Jordan*, No. 101,755, 2011 WL 420700 (Kan. App. 2011) (unpublished opinion). In *Brull*, a panel of this court stated: "The Secretary has a direct and statutory duty to those who have been placed in his custody, and the plaintiffs' cause of action arises out of the Secretary's claimed failure to fulfill his own statutory duties to these patients." 2011 WL 420700, at *4. The claimed failure by the Secretary in *Brull* was allowing the treatment program's staff to adopt and implement policies that were contrary to the patients' constitutional and statutory rights. *Brull* is not persuasive here because Merryfield's claims seek to impose personal liability, whereas *Brull* involved a suit against the Secretary in his official capacity. To impose personal liability under § 1983, "a plaintiff must show personal involvement or participation in the incident. Supervisor status alone is insufficient to support liability.

6

[Citations omitted.]" *Grimsley*, 93 F.3d at 679. Merryfield does not state any facts in his petition that could establish that Bruffett acted in an individual capacity. Accordingly, the district court's dismissal of the claims against Bruffett was proper.

As to Attorney General Schmidt, Merryfield states that he named him as a defendant because he "took some of the actions that make the KSVPA unconstitutional" in his role in initiating commitment proceedings and annual reviews. But Merryfield's allegations relate only to Schmidt's role as attorney general and fail to allege personal conduct by Schmidt that could result in personal liability. Therefore, dismissal of the claims against him was warranted.

II.      *Did the district court err in making determinations of legal issues at the motion-to-dismiss stage?*

Merryfield next argues that the district court improperly determined legal issues in dismissing his complaint prior to discovery. However, that is the purpose of a motion to dismiss—to test the legal sufficiency of the claims before the parties invest time and money engaging in discovery of facts and other pretrial proceedings. See 61A Am. Jur. 2d Pleading § 481.

Merryfield argues that he was entitled to further proceedings to develop the facts of Schmidt's involvement. But under the relevant statute, K.S.A. 2015 Supp. 60-212(b)(6), the legal sufficiency of a claim is determined based on the well-pleaded facts stated in the plaintiff's complaint. *Hemphill v. Shore*, 295 Kan. 1110, 1117, 289 P.3d 1173 (2012). Where, as here, the plaintiff's complaint fails to allege facts that, if true, would impose liability on the named defendant, dismissal of the complaint prior to discovery is proper. See *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013). Therefore, the district court did not err in resolving legal issues before permitting the parties to conduct discovery.

III.     *Did the district court err in ruling that the KSVPA provides jurisdiction for the courts to apply its provisions?*

In Count 1, Merryfield argues that "the KVSPA created no jurisdiction to confine him," citing K.S.A. 2015 Supp. 59-29a01, 29a03(f), 29a04(b), and 29a06(f). The district court stated that this assertion is "grounded in a primary misunderstanding of the law and misinterpretation of the statute."

We agree. The statute conferred sufficient jurisdiction upon the courts to apply its provisions. See, *e.g.*, K.S.A. 2015 Supp. 59-29a04(b) ("the attorney general may file the petition in the county where the person now resides, was charged or convicted of any offense, or was released"); K.S.A. 2015 Supp. 59-29a05 ("the judge shall determine whether probable cause exists"). The district court properly dismissed Count 1 for failure to state a claim.

IV.     *The district court did not err in dismissing Merryfield's constitutional claims based on lack of standing, mootness, and failure to state a claim.*

A. *The district court properly dismissed several claims for lack of standing*

*Standard of Review*

Standing to bring an action is a component of subject-matter jurisdiction. The question of standing is one of law over which this court's scope of review is unlimited. *Gannon v. State*, 298 Kan. 1107, 1122, 319 P.3d 1196 (2014).

*Discussion*

We start our analysis with the claims dismissed for lack of standing because under the doctrine of constitutional avoidance, we need not reach constitutional challenges when a valid alternative ground for decision exists. *Wilson v. Sebelius*, 276 Kan. 87, 91, 72 P.3d 553 (2003). "[A]ppellate courts generally avoid making unnecessary constitutional decisions." 276 Kan. at 91. Kansas courts do not issue advisory opinions. See *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). By first deciding the issue of standing, we avoid producing a mere advisory opinion on constitutionality.

Generally, to have standing—the right to make a legal claim or seek enforcement of a duty or right—a litigant must have a sufficient stake in the outcome of an otherwise justiciable controversy to obtain judicial resolution of that controversy. *Gannon*, 298 Kan. at 1122-23. "To establish a cognizable injury, a party must establish a personal interest in a court's decision and that he or she personally suffers some actual or threatened injury as a result of the challenged conduct." *Sierra Club v. Moser*, 298 Kan. 22, 33, 310 P.3d 360 (2013). The plaintiff has the burden to establish standing. *Gannon*, 298 Kan. at 1123.

The district court treated 14 of Merryfield's counts as facial challenges and dismissed them for lack of standing because "[t]here is no imminent threat of these statutes being applied to plaintiffs' present status or looming over them in the near future."

Merryfield argues that he has standing to bring these challenges because "a facial challenge can be brought by any person who will be subjected to said law even if it has yet to be applied to them," citing *Pacific Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1228 (10th Cir. 2005).

That is not, however, the entire holding of *Pacific Frontier*. If the statute has not yet been applied to him, a plaintiff must establish that he has suffered an "injury in fact." 414 F.3d at 1228. "Injury in fact" is defined as "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical."' [Citations omitted.]" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). To be "imminent," the alleged injury must be "certainly impending." See 504 U.S. 564 n.2.

Merryfield does not argue that he has suffered an injury in fact or that the application of the challenged statutes to him is imminent. Instead, he merely argues that he has standing "[b]ased on the fact that he is committed and is therefore subject to every provision of the KSVPA." That assertion fails to meet the standards set out in *Lujan*; it is neither concrete nor particularized and is instead conjectural and hypothetical. Merryfield has failed to meet his burden to demonstrate that he has standing to bring facial challenges. Thus, the district court's dismissal of counts 3-8, 10-12, 14, 19, 25, 30, and 31 was proper.

We briefly address below each count for which Merryfield lacks standing. In addition to the counts dismissed by the district court for lack of standing, we find counts 2 and 22 can also be dismissed on that basis.

*Counts 2 and 4*: Merryfield argues that K.S.A. 2015 Supp. 59-29a05(d), 29a07(d), and 29a07(f) are unconstitutional because they provide for SVPs to be briefly housed in a county jail where no treatment is available for mental conditions.

Subsection 29a05(d) concerns holding an SVP in jail during his or her initial commitment hearing. Merryfield lacks standing to make this claim as he has already had his initial commitment hearing and is not likely to have another; thus, there is no imminent threat of the statute's application to him. Merryfield cannot succeed on an as-

10

applied challenge either, because his claim is time-barred; his initial commitment hearing was in 2000 and a 2-year statute of limitations applies to § 1983 claims. See *Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1167 (10th Cir. 2015).

Subsection 29a07(d) concerns holding an SVP in a county jail following arrest or conviction of a criminal offense or after parole revocation. Subsection 29a07(f) concerns housing SVPs in county jails following a mistrial. Merryfield lacks standing to bring a facial challenge to these subsections because he is not in jail currently, has already had his trial, and is not under arrest or on parole. Merryfield has not shown an imminent threat that these provisions will be applied to him. Accordingly, the district court correctly dismissed Count 4 for lack of standing, and Merryfield lacks standing as to Count 2 as well.

*Count 3*:  Merryfield challenges four unrelated subsections of the KSVPA:  K.S.A. 2015 Supp. 59-29a06(b), 29a08(a), 29a18(a), and 29a19(b), alleging that because they do not allow SVPs to have counsel or an independent examiner, SVPs have fewer rights than their criminal counterparts. But an SVP's right to counsel is guaranteed in other subsections, namely K.S.A. 2015 Supp. 59-29a08(a) and (c). Subsection 29a06(b) concerns the initial commitment proceedings, and subsection 29a19(b) concerns final discharge. Merryfield is past the initial commitment stage and has not yet reached final discharge, so he lacks standing to challenge these two subsections. His claim regarding subsection 29a18(a) fails because Merryfield is not in transitional release and that statute applies only "[d]uring any period the person is in transitional release."

Merryfield's challenges to subsection 29a08(a) are discussed at length in section B below, which addresses claims dismissed for failure to state a claim. Ultimately, Count 3 was properly dismissed.

11

*Counts 5-8, 11, 30, and 31*:  Merryfield argues that K.S.A. 2015 Supp. 59-29a08(f), 29a10(c), 29a11(b), 29a11(c), 29a11(d), and 29a19(d) are unconstitutional because they prevent outright release. Subsections 29a08(f) and 29a19(d) govern a person's return to a secure commitment facility after violating a condition of the transitional or conditional release program. Subsection 29a10(c) relates to petitions for transitional release. Subsections 29a11(b) and (c) limit where transitional or conditional release facilities can be located, and subsection 29a11(d) limits how many persons on transitional or conditional release can be placed in one county. Merryfield lacks standing to challenge these provisions because he is not on transitional or conditional release and does not allege facts showing that he qualifies to petition for transitional release under subsection 29a10(c).

*Count 10*:  Merryfield argues that 2015 Supp. K.S.A. 59-29a12(c), which requires the committed person to pay for costs associated with transport to self-initiated court proceedings, is an unconstitutional "outright ban" on access to the court. Merryfield has filed more than 30 complaints or petitions since being committed, so he is not without access to the court. Many court proceedings, such as this one, occur without requiring the presence of any party. Although Merryfield alleges that he "looked into" the costs of transport and determined that they would be $1,000 or more, he does not allege that the statute has ever been applied to him or that its application is imminent. Therefore, Merryfield lacks standing to bring this count.

*Count 12*:  K.S.A. 2015 Supp. 59-29a19(f) provides that persons who have received final discharge remain subject to prosecution for crimes or civil commitment in the future. Merryfield lacks standing because he has not been finally discharged.

*Count 14*:  Merryfield's challenge to K.S.A. 59-29a18 in Count 14 fails because it relates solely to persons in transitional release.

12

*Count 19*:  Merryfield argues that K.S.A. 2015 Supp. 21-5911, which classifies escape from an SVP program as aggravated escape, is unconstitutional because it treats SVPs differently from other escapees. We need not reach this equal protection argument because Merryfield has not escaped or alleged that the application of this statute to him is otherwise imminent. He therefore lacks standing to bring this count.

*Count 22*:  Merryfield argues that the retroactive application of the 2015 amendments to the KSVPA made by Senate Bill 12 is unconstitutional. In support of this claim, he alleges in his complaint that staff at Larned State Hospital told him there are "quite a few new rules and policies that are ready to be enacted if Senate Bill 12 passes and they will be applied retroactively." This allegation is not sufficient to establish the "injury in fact" required for standing.

B.  *The district court properly dismissed counts pursuant to K.S.A. 2015 Supp. 60-212(b)(6)*

We next examine Merryfield's remaining counts to determine whether the district court erred in finding that none of them stated a claim upon which relief can be granted.

*Standard of Review*

Whether a district court erred by granting a motion to dismiss under K.S.A. 2015 Supp. 60-212(b)(6) for failure to state a claim is a question of law subject to unlimited review. We view the well-pleaded facts in a light most favorable to the plaintiff and assume as true those facts and any inferences reasonably drawn from them. If those facts and inferences state any claim upon which relief can be granted, then dismissal is improper. *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013).

13

*Discussion*

The district court dismissed Merryfield's remaining challenges to the constitutionality of statutes for failure to state a claim upon which relief could be granted. The appellate courts presume statutes are constitutional and must resolve all doubts in favor of a statute's validity. We must interpret a statute in a way that makes it constitutional if there is any reasonable construction that would maintain the legislature's apparent intent. *State v. Petersen-Beard*, 304 Kan. 192, 194, 377 P.3d 1127 (2016). The burden to establish that statutory changes are unconstitutional is on the party challenging the statute. See *In re Tax Appeal of Wisgerber*, 285 Kan. 98, 102, 169 P.3d 321 (2007).

C. *The KSVPA does not violate equal protection*

*Counts 8, 32, and 33*:  Merryfield alleges that K.S.A. 2015 Supp. 59-29a22 unconstitutionally treats SVPs differently from other civilly committed persons. The Kansas Supreme Court has repeatedly rejected this kind of equal protection claim, holding that the class of persons committed under the KSVPA is not similarly situated to those committed under other civil statutes. Thus, different treatment does not offend substantive due process or equal protection. *In re Care & Treatment of Hay*, 263 Kan. 822, 833, 953 P.2d 666 (1998) (citing *Kansas v. Hendricks*, 521 U.S. 346, 357, 117 S. Ct. 2072, 138 L. Ed. 2d 501 [1997]); *Merryfield v. State*, 44 Kan. App. 2d 817, 823-24, 241 P.3d 573 (2010) ("[T]he department can subject those found to be sexually violent predators to treatment and confinement conditions different from those of other civilly committed persons without violating the Equal Protection Clause."). See also *Merryfield v. State*, No. 103,611, 2010 WL 5490743, at *1 (Kan. App. 2010) (unpublished opinion). Therefore, the district court properly dismissed Counts 8, 32, and 33 for failure to state a claim for relief.

14

Merryfield also argues on appeal that the KSVPA unconstitutionally creates a separate class of persons and subjects them to "cruel and unusual treatment, invidious discrimination and status equal to that of a slave in the early years of the United States." This issue was not presented to the district court. Accordingly, to the extent Merryfield raises this and other issues on appeal that were not presented to the district court, we do not address them. We follow the general rule that issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). While some exceptions to this rule exist, *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014), an appellant who wishes to raise an issue for the first time on appeal must proactively invoke an exception and explain why the issue is properly before us. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015); Kansas Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34). Merryfield has not explained why the issues in his appellate brief not raised in the district court should be heard now.

*Counts 9 and 18*: Merryfield challenges K.S.A. 2015 Supp. 59-29a12(a), which provides that "[p]ayment for the maintenance, care and treatment of any such committed person shall be paid by the person . . ." on the grounds that it creates "dual taxation" and on equal protection grounds. The "dual taxation" argument is without merit because the costs imposed by subsection 12(a) are not taxes.

His equal protection argument in Count 9 is that incarcerated persons are not required to pay for the costs of their maintenance, care, and treatment, but SVPs are required to pay for these services. The State responds that the county may seek reimbursement of medical expenses from a prisoner. K.S.A. 2015 Supp. 19-1910(b)(2). Further, the county may require an inmate to pay a fee for maintenance in an amount up to the county's daily cost of housing the inmate, including days prior to conviction. K.S.A. 2015 Supp. 19-1930. Thus, Merryfield's premise of unequal treatment is based on a mistake of fact.

Merryfield's argument is also based on an incorrect legal premise. He quotes *Chubb v. Sullivan*, 50 Kan. App. 2d 419, 425, 330 P.3d 423 (2014), for the proposition that the "rights afforded prisoners set a floor for the rights that must be afforded sexually violent predators." The holding, however, is not as broad as Merryfield asserts. *Chubb* concerned the conditions of confinement, specifically, whether the SVP had a liberty interest in visits from a sibling or others, and does not control here. For the above reasons, Merryfield failed to state a claim upon which relief can be granted in Count 9.

*Count 13*: Merryfield challenges K.S.A. 59-29a20, which provides that a person for whom a petition has been filed shall not be released from the physical custody of the State by bail, bond, house arrest, or any other measures. He did not present argument regarding this count in response to the State defendants' motion to dismiss, other than to refer to his pleadings and other filings. Nor has Merryfield cited any authority on appeal to support his contention that this subsection violates equal protection. An argument that is not supported with pertinent authority is deemed waived and abandoned. *State v. Berriozabal*, 291 Kan. 568, 594, 243 P.3d 352 (2010); see Supreme Court Rule 6.02(a)(5).

*Counts 15*, *16*, *28*: Merryfield challenges the entire KSVPA as unconstitutional on its face for eviscerating and removing "any part, form, or manner of Due Process protection during any proceeding." Merryfield alleges that the McPherson County District Court denied him due process by failing to hold timely annual reviews. The allegations in Counts 15 and 28 have been addressed in Merryfield's recent appeal, *Merryfield v. Bruffett*, No. 115,488, 2017 WL 543573 (Kan. App. 2017) (unpublished opinion), and we adopt that reasoning here. See also *Griffin v. Bruffett*, No. 115,487, 2017 WL 542184 (Kan. App. 2017) (regarding the same issue). Count 16 is specific to plaintiff Richard A. Quillen, who is not a party to this appeal.

16

*Count 17*: Merryfield again asserts that the KSVPA denies the right to counsel, to independent examination, and to speedy review and enforceable time limits. The first two allegations were addressed in Count 3, above. As to speedy review, Merryfield cites to paragraphs 106 and 107 of his complaint concerning delays he has experienced in the administrative relief system within Larned State Hospital. Because Merryfield fails to tie the complained-of actions to any policy, he fails to state a constitutional claim. See *Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996) (finding even if a state actor violated another's constitutional rights, the Board can be held liable under § 1983 only if the actions can be characterized as representing an official policy or custom of the Board).

*Count 18*: Merryfield argues that K.S.A. 2015 Supp. 59-29a22, concerning the rights granted to SVPs, unconstitutionally places them in "conditions of confinement identical to their criminal counterparts," citing *Chubb*. This argument fails for the same reasons set forth in our discussion of *Chubb* in Count 9, above.

*Count 20*: Merryfield does not explicitly challenge a statute in this count. He alleges that at an annual review, the State's expert stated that "no evaluation was done or would be done until he did what the facility wanted in terms of completion of the treatment program." Merryfield has already taken direct appeals regarding the conduct and outcomes of his prior hearings. See *In re Care & Treatment of Merryfield*, No. 112,972, 2015 WL 4716349 (Kan. App.) (unpublished opinion), *rev. denied* 303 Kan. 1078 (2015). Merryfield cannot relitigate those same claims because of the principle of res judicata, which generally prevents a person from raising a particular claim after the court has already ruled on it. See *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361 (2013).

If Merryfield is challenging the constitutionality of a statute, presumably it is K.S.A. 2015 Supp. 59-29a08(a), which provides that each person committed under the

KSVPA "shall have a current examination of the person's mental condition made once every year." Merryfield argues that at the annual review, the State merely submits a yearly report reflecting "where the person is at in treatment and whether or not they have jumped through the hoops and completed the treatment program." He argues that it amounts to continuing a person's commitment based on performance in a program instead of being based on an evaluation of the degree of their mental abnormality or personality disorder and likelihood of committing additional sex crimes if released.

The State argues that we should refuse to consider this issue on appeal because it does not relate to the claims Merryfield made at the district court. However, he did plead this issue in his complaint and addressed it in his response to the State defendant's motion to dismiss. Regardless, dismissal of Count 20 was proper due to failure to state a claim because Merryfield did not plead facts in his complaint to show that the outcome would have been any different had his metric of "change in degree of mental abnormality" been used. Merryfield did not allege any facts showing that the treatment program was not designed to evaluate change in his mental abnormality or personality disorder or the likelihood that he would commit additional sex crimes if released.

*Count 21*:  Merryfield alleges that "[t]he presentation of Senate Bill 149 and Senate Bill 12 illustrates a clearly punitive intent on the part of all Defendants." But none of the defendants is a legislator; thus, they did not present the bills. Moreover, the United States Supreme Court has extended absolute legislative immunity from suit under § 1983 to local legislators for their legislative activities, regardless of their motives. *Torres Rivera v. Calderon Serra*, 412 F.3d 205, 213 (1st Cir. 2005) (citing *Bogan v. Scott-Harris*, 523 U.S. 44, 53-54, 118 S. Ct. 966, 972, 140 L. Ed. 2d 79 [1998]). Accordingly, Count 21 was properly dismissed for failure to state a claim.

*Counts 23 and 24*:  Merryfield alleges that the 2015 amendment to section 22 of the KSVPA, which provided that proceedings challenging an action by the Kansas

18

Department of Aging and Disability Services (KDADS) must be taken pursuant to the Kansas Judicial Review Act, took away his right to pursue a writ of habeas corpus and thus is unconstitutional. Actually, K.S.A. 2015 Supp. 59-29a22(f)(1) concerns exhaustion of remedies in the setting of administrative hearings. The ability of an SVP to file a habeas corpus petition has not been abrogated. See K.S.A. 2015 Supp. 59-29a23(a). Thus, Count 23 does not state a claim upon which relief can be granted.

*Counts 25-27*, *29*, *32*:  Merryfield does not identify these counts in any of his arguments and our careful review of the brief did not disclose any discussion of them. An issue not briefed by the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016).

*Count 34*:  Merryfield challenges K.S.A. 2015 Supp. 59-29a08, alleging that it impermissibly places the burden on the SVP at all times when he or she wants to be reviewed by the court for release and unconstitutionally denies the appointment of an independent examiner at the annual review hearing. We will examine these two claims individually.

First, Merryfield argues that "[t]he first stage of the annual review or other release proceeding requires the committed person to show the mental abnormality or personality disorder has so changed that the person is safe for release." He cites a Minnesota case which examined a Minnesota statute that required the committed person to prove by clear and convincing evidence that release to a less restrictive environment was appropriate and available. *Karsjens v. Jesson,* 109 F. Supp. 3d 1139, 1169-70 (D. Minn. 2015), *rev'd Karsjens v. Piper*, 845 F.3d 394 (8th Cir. 2017). The federal district court found that provision unconstitutional.

The KSVPA, however, does not impose the higher burden of clear and convincing evidence. In fact, it does not require the committed person to prove a change but only to

show "probable cause exists to believe that the person's mental abnormality or personality disorder has so changed that the person is safe to be placed in transitional release." K.S.A. 2015 Supp. 59-29a08(c).

Our Supreme Court has acknowledged this burden, albeit without mentioning constitutional issues, in *In re Care & Treatment of Burch*, 296 Kan. 215, 225, 291 P.3d 78 (2012):

> "[W]e agree with the *Sipe* panel which reasoned that 'because a sexually violent predator bears the burden to establish probable cause at an annual review hearing, the district court must consider the evidence in the light most favorable to the committed person and resolve all conflicting evidence in that person's favor.' *In re Sipe*, 44 Kan. App. 2d 584, 592, 239 P.3d 871. See also *Berg*, 270 Kan. at 238; *Bell*, 268 Kan. at 764-65."

Once that minimal burden is met, the KSVPA requires the State to show beyond a reasonable doubt that the committed person should remain committed. K.S.A. 2015 Supp. 59-29a08(c). See *In re Care & Treatment of Sipe*, 44 Kan. App. 2d 584, 589-90, 239 P.3d 871 (2010). Our statutory provisions are thus distinguishable from those found unconstitutional in *Karsjens*.

Given the Supreme Court's endorsement of this burden of proof, and the absence of indication that the Kansas Supreme Court is departing from its previous position, we are duty bound to follow its precedent. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015).

Merryfield's second challenge to this subsection is that it does not require the appointment of an independent examiner in the initial phase of an annual review hearing; instead, the statute vests discretion in the trial court. This is a correct reading of the statute. However, the trial court's discretion is not unfettered. The district court cannot

20

reject, but must actually consider, a request for an examiner. See *In re Care & Treatment of Zishka*, 51 Kan. App. 2d 242, 244, 343 P.3d 558 (2015).

We previously addressed this claim in one of Merryfield's earlier appeals. *Merryfield*, 2015 WL 4716349. There, the panel found that Merryfield had abandoned his claim because he made only a blanket statement that the United States Constitution guaranteed him the right to an independent examiner but did not provide any analysis of the case he cited, *Ake v. Oklahoma*, 470 U.S. 68, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985). 2015 WL 4716349, at *4.

Apparently in response to that ruling, Merryfield here expands his challenge, citing cases in addition to *Ake* and providing some legal argument to support his claim. The cases he relies on, however, are criminal cases relating to duties during trial. The panel in the prior case reached the merits despite finding that he had abandoned the claim and rejected Merryfield's claims based on *Ake* and similar cases. See *Merryfield*, 2015 WL 4716349, at *5. We adopt that discussion and do not repeat it here. For the reasons stated in that case and above, we conclude that Count 34 was properly dismissed.

In sum, we find no error in the district court's grant of the motions to dismiss. The district court properly granted the court defendants' and State defendants' motions to dismiss on grounds of immunity and failure to state a claim. The district court properly dismissed Merryfield's constitutional claims based on lack of standing, res judicata, mootness, abandonment of the claim on appeal, and failure to state a claim.

Affirmed.