(122 P.3d 829)

No. 92,737

STATE OF KANSAS, *Appellee,* v. TYLER W. SEDAM, *Appellant.*

Opinion filed November 4, 2005.

*Charles A. O'Hara,* of O'Hara, O'Hara & Tousley, of Wichita, for appellant.

*Kristi L. Barton,* assistant district attorney, *Nola Tedesco Foulston,* district attorney, and *Phill Kline,* attorney general, for appellee.

Before HILL, P.J., PIERRON and MALONE, JJ.

HILL, J: This case brings up the question of liability of a surety on a bail bond, where the bond was declared forfeited and then reinstated with new conditions with no notice of the changes given to the surety. We believe that the surety should at least have notice of any material changes made to an appearance bond in order to be held liable for later violations of the contract. Since there was

no notice given to the surety here, we reverse and vacate the judgment of the trial court.

*Appearance History*

Billy F. Warfield was surety on the bail bond for Tyler W. Sedam when Sedam was charged with possession of methamphetamine in Sedgwick County. At his first appearance, the court ordered Sedam to appear for a preliminary hearing on December 16, 2003, at 9 a.m., and he was "released from custody upon the execution of an appearance bond in the amount of $10,000 conditioned upon the appearance of defendant before this court when ordered." On the same day, Sedam and Warfield posted an appearance bond, which contained a modification clause:

> "If the amount of the bond required for the person's appearance or the other conditions are modified from the above amount or conditions, then this bond is null and void, and a new bond in the required amount and/or with the modified other conditions must be posted at the time.
> "We the undersigned, state that this bond is continuing in nature.
> "Failure to appear at the time/date and location listed above will result in a bench warrant for the immediate arrest of the principal and judgment against principal and surety for the amount of bond."

Sedam failed to appear at the preliminary hearing on December 16, 2003, the bond was declared forfeited, and an alias warrant was issued for his arrest. The journal entry containing these orders was filed the next day.

Then, on December 19, 2003, Sedam appeared in court, waived his preliminary hearing, and entered a plea of not guilty. His counsel requested that bond be reinstated because Sedam had simply shown up at the December 16 docket late, and he had been taken into custody. The State confirmed what had happened and requested additional conditions be placed on the bond if the court allowed reinstatement. The trial court "reinstated" the bond in the same form but with an additional condition that Sedam be supervised by pretrial services. Consequently, Sedam was ordered to appear on December 22, 2003, at 11 a.m. at the pretrial services office and reappear periodically thereafter. No notice of the rev-

ocation, reinstatement, or addition of a condition was given the surety.

In due course, as directed by pretrial services, Sedam submitted a urine sample on January 8, 2004, which tested positive for amphetamine. Not surprisingly, he failed to report to pretrial services as directed on January 15, 2004, and he could not be located. Finally, on January 27, 2004, an alias warrant was issued for Sedam and the court ordered the forfeiture of the bond. The State made another motion to forfeit bond when Sedam failed to appear on February 9, 2004, which was granted.

The State filed a motion for judgment on the forfeiture of bond, based on Sedam's failure to appear on February 9, 2004. Warfield, the surety, was notified of this motion. At the hearing on the motion for judgment on forfeiture of bond, the court found that the added condition of Sedam having to appear before pretrial services did not act to the detriment of the bondsman. The court then granted the State judgment against Sedam as principal and Warfield as surety in the sum of $10,000.

Warfield argues that he is not responsible for this bond forfeiture because the conditions of the bond had been changed and there was no notice to him of the reinstatement of the bond. The State argues that reinstatement of Sedam's bond did not prejudice Warfield in any way and Sedam's bond was revoked for failing to appear, which was the fundamental obligation of the bond.

*Rules of Review*

The decision to set aside a bond forfeiture or judgment on a forfeiture under K.S.A. 2004 Supp. 22-2807 is left to the sound discretion of the trial court. We review that decision under an abuse of discretion standard. See *State v. Indemnity Ins. Co. of N. Amer.*, 9 Kan. App. 2d 53, 57, 672 P.2d 251 (1983), *rev. denied* 234 Kan. 1077 (1984); *State v. Buckle*, 4 Kan. App. 2d 250, 252, 604 P.2d 743 (1979). "Judicial discretion is abused if judicial action is arbitrary, fanciful, or unreasonable, such that no reasonable person would take the view adopted by the trial court." *State v. Prater*, 31 Kan. App. 2d 388, 396, 65 P.3d 1048, *rev. denied* 276 Kan. 973 (2003).

*Analysis*

An appearance bond is a contract between the principal and the surety on the one hand and the State on the other. *Indemnity Ins. Co.*, 9 Kan. App. 2d at 55. It is the responsibility of the surety to know the whereabouts of the defendant, to watch the court's calendar, and to see that the defendant appears as ordered. 9 Kan. App. 2d at 56. But a material modification which alters the surety's obligation will discharge the surety. *First Nat'l Bank of Anthony v. Dunning*, 18 Kan. App. 2d 518, 520, 855 P.2d 493, *rev. denied* 253 Kan. 857 (1993).

We disagree with the State's argument that the bondsman was unaffected by the additional condition of appearance before pretrial services. The risk to the surety increased greatly with the new condition because it created more reasons why the bond could be revoked. First of all, Sedam was required to submit to urinalysis, when before he was not. For a defendant charged with possession of methamphetamine, the surety should be given some opportunity to reconsider the risk. Secondly, Sedam was required to appear weekly and was not required to do so previously. We do not consider these new conditions unreasonable but do consider them a material change to the bond. This court has previously stated that a material change may be defined as "a change that a careful and prudent person would regard as substantially increasing the risk of loss. [Citation omitted.]" *First Nat'l Bank of Anthony*, 18 Kan. App. 2d at 521. The risk here increased for Warfield.

Here, the fact remains that Sedam's bond was revoked for his violations of the conditions imposed by pretrial services. He disappeared after giving a positive urine sample to pretrial services. An additional obligation in this case materially changed the bond conditions. Under the terms of the bond agreement, if the conditions of the bond are modified, the bond agreement is null and void. See *State v. Chappell*, 11 Kan. App. 2d 546, 548, 729 P.2d 1241 (1986).

By reinstating a forfeited bond with new conditions with no notice to the surety, the court in fact rewrote the bond and gave the surety no opportunity to evaluate whether he wanted to assume

the increased risk of forfeiture. Imposing a money judgment under such facts is an abuse of discretion.

Reversed and remanded with directions to vacate the judgment against the surety.