NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Plaintiff/Appellee,*

*v.*

AZTECA BAIL BONDS, *Appellant.*

No. 1 CA-CV 22-0415
FILED 2-14-2023

Appeal from the Superior Court in Mohave County
No. S8015CR202000515
The Honorable Douglas Camacho, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

T.S. Hartzell, Tucson
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Casey D. Ball and Madeline Shupe (Rule 39(c), Law Student)
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which
Presiding Judge Paul J. McMurdie and Judge Michael S. Catlett joined.

---

**B R O W N**, Judge:

¶1        Azteca Bail Bonds ("Azteca") appeals the superior court's
judgment forfeiting an appearance bond after the court issued an arrest
warrant for the defendant's failure to appear at a hearing before his trial by
jury in absentia.  Azteca contends the court abused its discretion by failing
to give Azteca notice of an earlier arrest warrant and materially changing
Hudson's release conditions without Azteca's consent.  For the following
reasons, we affirm.

**BACKGROUND**

¶2        In May 2020, defendant Bobby Hudson was indicted on four
felony charges.  To satisfy the court's release conditions, Azteca posted a
$25,000 appearance bond.[1]  In March 2021, Hudson did not appear for his
change of plea hearing.  His attorney said he was in a mental health facility
and offered a letter purportedly written by a behavioral health agency.  The
court waived Hudson's presence, but several days later the State requested
a status hearing, asserting it had just been advised that Hudson was in
prison.

¶3        The court granted the State's motion and held a status hearing
in April 2021; Hudson was not present.  The State explained that Hudson
had been in an Illinois state prison since the fall of 2020 and would likely
remain there for several months.  The prison had no record of Hudson
making phone calls for any court hearings, which was problematic given
that Hudson had purportedly participated by phone in at least two earlier
hearings.  Defense counsel stated he was unaware of this information and
had no reason to dispute it.  The court permitted defense counsel to
withdraw and issued a warrant for Hudson's arrest but did not notify
Azteca of Hudson's arrest warrant under Arizona Rule of Criminal

---

[1]      The bond was posted by another bond company acting on Azteca's
behalf, but the parties do not dispute that only Azteca's involvement is
relevant to this appeal.

Procedure ("Rule") 7.6(c)(3). However, the court took no action to forfeit the bond.

¶4            In June 2021, Hudson appeared at a court hearing and the court quashed the arrest warrant. The State explained that Hudson previously failed to appear because he was incarcerated in Illinois. The court stated on the record that Hudson would have to "post a $25,000 secured appearance bond before he may be released." The written order confirmed that Hudson was required to "post cash or a secured appearance bond . . . in the total sum of $25,000." Bail Bonds USA later posted the bond.

¶5            In April 2022, Hudson failed to appear at the final management conference. The court issued a bench warrant for his arrest, set a bond forfeiture hearing for June 14, and directed the clerk to notify Bail Bonds USA and Azteca. In the meantime, Hudson was tried and convicted by a jury in absentia.

¶6            At the bond forfeiture hearing, Azteca argued it had no liability because (1) the court's earlier failure to comply with Rule 7.6's notice requirement justified exoneration of the bond, and (2) the court's decision to quash the first arrest warrant and order a separate $25,000 bond relieved Azteca of any liability. The court then clarified that it did not exonerate Azteca's bond when it quashed the first arrest warrant. Instead, it ordered an additional $25,000 bond that Hudson needed to pay as a release condition; that bond was posted by Bail Bonds USA. Thus, Hudson's failure to appear in April 2022 meant that both bonds were in jeopardy of forfeiture.

¶7            The superior court considered the factors in *State v. Old West Bonding Co.*, 203 Ariz. 468, 475, ¶ 26 (App. 2002), to determine whether forfeiture was appropriate. In doing so, the court found in part that Hudson had willfully violated his appearance bond, and his absence caused some prejudice to the State and inconvenience for the court. The court also found that Bail Bonds USA tried to locate Hudson and therefore exonerated $5,000 of its bond. Azteca, in contrast, made no showing that it put any effort or expense into locating or apprehending Hudson. The court forfeited all of Azteca's bond. Azteca timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶8            The primary purpose of an appearance bond is to ensure that a criminal defendant appears at court proceedings. *State v. Garcia Bail*

*Bonds*, 201 Ariz. 203, 208, ¶ 19 (App. 2001). If a defendant fails to appear, the burden is on the surety "to show by a preponderance of the evidence an excuse or explanation" for the defendant's non-appearance. *State v. Bail Bonds USA*, 223 Ariz. 394, 397, ¶ 11 (App. 2010). We review the superior court's order forfeiting a bond for an abuse of discretion, but we consider de novo the interpretation of court rules governing bail bonds. *Garcia Bail Bonds*, 201 Ariz. at 205, ¶ 5. We view the evidence in the light most favorable to upholding the judgment. *Id.*

**¶9** We first address Azteca's assertion that the record is unclear whether the superior court increased the first bond or replaced it with a new $25,000 bond. According to Azteca, the record suggests the first bond was replaced, and thus the bond posted by Bail Bonds USA relieved Azteca from liability. Although the court could have used more precise language to explain the amended release conditions, it later clarified that the second bond was added to the first bond. Azteca has not shown the court abused its discretion by finding that the additional $25,000 bond did not discharge Azteca's liability.

**¶10** Azteca argues the court's judgment should be reversed based on its failure to provide notice of the first arrest warrant, issued in April 2021. It is undisputed the court should have given notice to Azteca. *See* Rule 7.6(c)(2) (court must provide notice to surety within 10 days after issuance of an arrest warrant for failure to appear). But to obtain reversal of a bond forfeiture order on appeal, "[a] surety must show prejudice resulting from the lack of notice." *State v. Sun Sur. Ins. Co.*, 232 Ariz. 79, 82, ¶ 6 (App. 2013); *see also* Ariz. Const. art. VI, § 27 (stating a case may not be reversed for "technical error").

**¶11** As an initial matter, in the superior court Azteca did not argue that the lack of notice caused prejudice, which means the argument is waived. *See Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386, ¶ 12 (App. 2011) (stating that if an argument is not timely presented "to the [superior] court so that the court may have an opportunity to address all issues on their merits[,]" it is waived on appeal); *see also State v. Banker's Ins. Co.*, No. 1 CA-CV 16-0041, 2016 WL 7156458, at *2, ¶¶ 9, 14 (Ariz. App. Dec. 8, 2016) (mem. decision) (finding that challenges to bond forfeiture were waived because they were raised for the first time in a motion for new trial). Regardless, we disagree that Azteca has met its burden of establishing prejudice.

**¶12** Azteca claims prejudice based on the court's failure to provide notice after issuing the first arrest warrant because if the court had

forfeited the bond following Hudson's non-appearance in April 2021, Azteca would have had a defense to forfeiture. But as the court clarified, the bond was forfeited as a result of the April 2022 failure to appear. Azteca may have had a valid claim for nonliability for Hudson's first non-appearance, but that point became irrelevant when the superior court did not forfeit based on that non-appearance.

**¶13** Azteca also contends it was prejudiced because if it had received notice, it would have "had the opportunity to surrender Hudson into the custody of the Mohave County Sheriff." Rule 7.6(c)'s notice requirement was added in 1998 to allow the surety to avoid or mitigate bond forfeiture by either (1) "locating and surrendering the defendant in compliance with [Rule 7.6(d)(3)]," or (2) "presenting circumstances to the court that would warrant exoneration pursuant to [Rule 7.6(d)(5)]." *Sun Sur. Ins. Co.*, 232 Ariz. at 81, ¶ 4.

**¶14** Rule 7.6(d)(3) explains the circumstances in which a court *must* exonerate a bond when the defendant is in custody. None of these circumstances ever applied in this case. Thus, Rule 7.6(d)(5) governs, which states that "[i]n all other instances, the decision whether or not to exonerate a bond is within the discretion of the court." Azteca had a chance to argue and present evidence on all circumstances supporting its claim for exoneration. Instead, Azteca failed to show it made any effort or incurred any expense in locating Hudson when the bond was in effect. And even after receiving notice of the arrest warrant based on Hudson's failure to appear at the April 2022 final management conference, Azteca did not show that it tried to locate Hudson. It was within the court's discretion to consider these factors when it forfeited Azteca's bond.

**¶15** Azteca argues it had a right to be heard when the court ordered new release conditions, and if the court found that Hudson's non-appearance warranted an increased bond, Azteca should have been afforded the opportunity to reevaluate its position and either revoke the bond or seek exoneration. Because Azteca did not raise these issues at the bond forfeiture hearing, they are waived. *See Cont'l Lighting & Contracting, Inc.*, 227 Ariz. at 386, ¶ 12. As noted by the State at the hearing, the bond companies carried the burden to excuse or explain Hudson's failure to appear. *See Bail Bonds USA*, 223 Ariz. at 397, ¶ 11. Thus, it was Azteca's obligation to ensure that any evidence or information it wanted the court to consider in deciding whether forfeiture was appropriate was properly presented at the hearing.

¶16 Azteca also contends the court's decision to increase Hudson's bond to $50,000 was a material change in release conditions that relieved Azteca of liability. To support this contention, Azteca relies on *State v. Sedam*, 122 P.3d 829, 831 (Kan. Ct. App. 2005). There, the defendant's bond was at first forfeited but then reinstated a few days later with a new condition that pretrial services must supervise the defendant. *Sedam*, 122 P.3d at 830. The surety was not notified of the change, and the defendant later failed to report to pretrial services. *Id.* At the forfeiture hearing, the trial court found that the added condition was not detrimental to the surety and ordered the bond forfeited. *Id.* The court of appeals disagreed, holding that "the risk to the surety increased greatly" because it created more ways in which the defendant could fail to meet his bond conditions. *See id.* at 831. The lack of notice meant the surety had no opportunity to evaluate whether it wanted to assume this increased risk of forfeiture. *Id.*

¶17 Azteca argues the same principles apply here, and the superior court could not forfeit "an increased bond." Again, Azteca waived this argument because it failed to present it to the superior court. *See Cont'l Lighting & Contracting, Inc.*, 227 Ariz. at 386, ¶ 12. In any event, the court's additional $25,000 bond is not analogous to the added condition in *Sedam*, 122 P.3d at 830. Azteca was subject to liability for forfeiture of its $25,000 bond if Hudson failed to appear at a court hearing—the same condition as when Azteca posted the bond.

## CONCLUSION

¶18 Because Azteca has not shown that the superior court abused its discretion in forfeiting Azteca's $25,000 bond, we affirm.

